Sigmund **FRIED** et al.

v.

**SUNGARD RECOVERY SERVICES, et al.**

**Civil Action No. 95–CV–0878.**

United States District Court, E.D. Pennsylvania.

Jan. 25, 1996.

Mark R. Cuker, Steven M. Schain, Williams & Cuker, Philadelphia, PA, for Plaintiffs.

Roger F. Cox, Kenneth N. Klass, Jordana Cooper, Blank, Rome, Comisky & McCauley, Philadelphia, PA, for Defendants Sungard, Dibrino, and Mulholland.

John P. McShea, III, Eckert Seamans Cherin & Mellott, Philadelphia, PA, for Defendant Intech Corp.

## MEMORANDUM

JOYNER, District Judge.

Defendant SunGard Recovery Services has moved this Court for an Order compelling the deposition of a knowledgeable fact wit-

**406**

ness. SunGard contends that through discovery, it has repeatedly sought information concerning the specific facts that give rise to this litigation. It attests, however, that it has been consistently frustrated in this attempt. For example, it presents excerpts from plaintiff Sigmund Fried's deposition, wherein he asserted the attorney-client privilege at several points when asked for information concerning allegations in his complaint. At each point he indicated that he could not respond to the question without revealing communications between him and his lawyer. SunGard contends, therefore, that it is Plaintiffs' counsel who has knowledge about the factual bases of this litigation and therefore seeks to depose Plaintiffs' counsel or any another witness with knowledge of the facts.

Plaintiffs oppose this request on many grounds, the most important of which is their contention that their lawyer is not a fact witness because he was not present during any of the actual events that gave rise to the litigation. On this basis they distinguish the caselaw cited by SunGard. *Musko v. McCandless,* No. 94–3938, 1995 WL 580275 (E.D.Pa. Sept. 29, 1995); *Johnston Dev. Group, Inc. v. Carpenters Local Union,* 130 F.R.D. 348 (D.N.J.1990). In both cases, the deponent lawyer was an actual witness to the events underlying the action and therefore possessed first hand information relevant to the action. On that ground the two courts permitted the depositions.

We will deny SunGard's motion to compel a deposition. We find that it has not provided this Court with enough information to demonstrate that Plaintiffs' counsel possesses factual information that SunGard cannot gather from the actual witnesses. If SunGard is able to make such a showing, it may return to this Court with another motion, and for that reason, we deny the Motion without prejudice.

We recognize that Fried testified that he could not speak to the factual allegations in his complaint without revealing communications with his lawyer, but it is possible that he did not understand the nature of the question or the scope of the attorney-client privilege. If it results that Plaintiffs' counsel

knowingly permitted his client to not answer questions based on a faulty understanding of the attorney-client privilege, that can be dealt with at another time. Also, if at trial or at summary judgment Plaintiff is able to testify to matters he was not able to testify to at his deposition, that too can be addressed at that point. Based on SunGard's showing today, however, there is no cause to compel Plaintiffs' counsel's deposition.

An appropriate Order follows.

### ORDER

AND NOW, this 25th day of January, 1996, upon consideration of the Cross–Motion of SunGard Defendants to Compel the Deposition of a Knowledgeable Fact Witness (doc. no. 61) and response thereto, the Motion is hereby DENIED without prejudice.